UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA

    Plaintiff,                                    CASE NO. 6:14-cv-1287-GAP-TBS

vs.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant.
_____/

## PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY
## WITH RESPECT TO DEPOSITION DATES
October 16, 2014

    Plaintiff, MARONDA HOMES, INC. OF FLORIDA ("Maronda"), by and through its undersigned counsel, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby files this First Motion to Compel Discovery With Respect to Deposition Dates.  In support of this motion, Maronda states as follows:

    1.    Maronda has filed this insurance coverage action against the Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY ("Progressive"), alleging that Progressive breached its duty to defend Maronda and breached its insurance contract with Maronda with respect to an accident claim and a lawsuit that was filed in state court.  The claim/accident/lawsuit involves the head-on collision of two semi-tractors with loaded trailers, which in turn totaled a third passenger vehicle.  All the drivers were injured in the accident.

1

2. On August 7, 2014, Progressive filed a motion to dismiss Maronda's Complaint.  [Dkt. 5].

3. On September 5, 2014, Maronda timely filed its opposition to Progressive's Motion to Dismiss.  [Dkt. 24].

4. On October 3, 2014, the parties held their case management conference in accordance with the Court's Track Two Notice.  During the conference, Maronda advised Progressive that it wished to take the depositions of Progressive's corporate representative and records custodian as soon as possible. And that paper discovery would be immediately forthcoming.  No objection was made at that time.  And not once did defense counsel state at the meeting that discovery was in any way inappropriate or that Progressive would immediately move, in effect, to stay all discovery based upon a pending motion to dismiss, rendering the agreed-upon case management report, the order, and the meeting pointless.

5. On October 7, 2014, Maronda sent Progressive a Rule 30(b)(6) deposition notice with respect to Progressive's corporate representative and Progressive's records custodian, and repeated its request for deposition dates.  No objections were noted at that time.  A copy of the deposition notice, which relates to both the corporate representative and the records custodian, is attached hereto as Exhibit A.

6. On October 8, 2014, Maronda served its initial written discovery requests upon Progressive.

7. On October 10, 2014, Maronda sent a reminder letter to Progressive regarding its request for deposition dates, which had previously been ignored.

8. On the same day, the Court entered its Case Management and Scheduling Order, setting the deadline for discovery as March 20, 2015. [Dkt. 29].

9. On October 15, 2014, Progressive notified Maronda by email that it was preparing a motion for protective order with respect to the depositions in light of the purported settlement (there has been no settlement, in fact, as of October 16, 2014, nor would/should subsequent settlement play a role in the disposition of this case) of the underlying negligence action, and the arguments outlined in its pending motion to dismiss.

10. Because Progressive has refused to provide Maronda with deposition dates for its corporate representative and records custodian, Maronda now files this motion to compel Progressive to provide the requested dates, for the following reasons.

11. First, the settlement of the underlying action does not render the issues in this coverage action moot, even if Maronda were included in the underlying settlement, which it has not been. (According to underlying plaintiff's counsel as of October 16, 2014, the settlement only applied to Maronda's co-defendants. In other words, Maronda has been left out of the settlement, which is in itself a breach of the insurance contract by Progressive.)

12. Second, a pending motion to dismiss does not provide a legitimate basis for postponing discovery, especially where the motion is not likely to be granted.

13. Third, even assuming arguendo that the pending motion were granted, Maronda would have the right to amend its complaint.

14. Thus, for these reasons, Maronda requests that the Court enter an order

compelling Progressive to promptly provide deposition dates for its corporate representative(s) and records custodian(s).

WHEREFORE, Plaintiff, Maronda Homes, Inc. of Florida, respectfully requests that the Court enter an order granting this Motion to Compel as outlined above  The legal authorities supporting this motion are set forth below in the following memorandum of law.

### **MEMORANDUM OF LAW**

District courts have broad discretion to decide how to best manage the cases before them.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (citing *U.S. v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 2996)).  Under Fed. R. Civ. P. 26(c), the Court may enter a protective order and stay discovery "for good cause shown." However, the party seeking a stay "bears the burden of showing good cause and reasonableness." *APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 2762064, at *2 (M.D. Fla. Aug. 28, 2009) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  These motions "are not favored because when discovery is delayed . . . it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 3231654, at *2 (M.D. Fla. Oct. 1, 2009).

In fact, under this Court's Local Rules, "the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion." Middle District Discovery, § I.E(4). "Such motions for stay are rarely granted.

However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.* Accordingly, "courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); *accord*, *Tamburo v. Dworkin*, 2010 WL 4867346, at *2 (N.D.Ill. Nov. 17, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).")); *Old Republic Title Ltd. v. Kelley*, 2010 WL 4053371, at *4 (W.D.Wash. Oct. 13, 2010) ("A motion to dismiss is not grounds for staying discovery."); *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994) ("courts have not looked favorably upon granting a blanket stay of discovery pending resolution of a challenge to the legal sufficiency of a plaintiff's complaint"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

In the instant case, Progressive cannot make the required specific showing that it will be prejudiced if discovery begins while its motion to dismiss is pending, as required by this Court's Local Rules, because "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). To the contrary, because the fixed deadline for discovery is rapidly approaching, it is Maronda that will be prejudiced if it is not

permitted to start discovery right away. In addition, as discussed below, there is little chance of success for Progressive on any aspect of its pending motion.

In deciding whether to stay discovery pending resolution of a dispositive motion, "the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). To engage in this test, the Court may take a "preliminary peek" at the merits of the motion that is claimed to be dispositive, "to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

Taking a "peek" at the merits of Progressive's motion, there is simply no "immediate and clear possibility" that the motion will be granted. *APR Energy*, 2009 WL 2762064, at *2. As fully set forth in Maronda's opposition to Progressive's motion to dismiss, Maronda has set forth viable claims for declaratory relief and breach of contract. [Dkt. 24]. In addition, even if the pending motion were granted, Maronda would likely have an opportunity to amend its complaint. Therefore, a stay of discovery would only delay the inevitable.

In view of the extreme tenuousness of Progressive's pending motion, it would be "grossly inappropriate" to permit Progressive to delay discovery in this matter. *See S.K.Y. Mgmt. LLC v. Greenshoe*, Ltd., 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) ("[T]here is good reason to question whether Defendant will prevail on its motion to dismiss. A stay of discovery under those circumstances would be grossly inappropriate, especially when there is actually a stronger likelihood of success that the non-movant

will prevail on the legal issue."); *accord*, *APR Energy*, 2009 WL 2762064, at *2 ("Motions to stay discovery are not favored and are not ordinarily granted . . . when the motion may not dispose of the entire case.") (citing *Hovermale v. School Bd. of Hillsborough County, Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989)).

If a broad stay of discovery is granted, there is a risk that Maronda will lose access to critical information. "[O]ver time the likelihood of witnesses becoming unavailable, memories fading, and documents being lost increases dramatically." *S.E.C. v. Incendy*, 936 F. Supp. 952, 956 (S.D. Fla. 1996). Moreover, at a minimum, granting a stay will delay the proceedings and interfere with the case deadlines established by the Court in this case. Notably, those deadlines are not set to run from the date of the Court's ruling on the pending motions, but rather are fixed deadlines set to expire after specific dates. Presumably, this is because the Court already has determined that discovery should proceed.

For these reasons, Maronda respectfully requests that the Court enter an ordering compelling Progressive to provide the requested deposition dates for its corporate representative and records custodian.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.05(g), Maronda's counsel contacted opposing counsel's office in an effort to discuss the issues raised in this motion but was unable to reach opposing counsel. Maronda's counsel will supplement this motion as soon as possible with a statement certifying whether and to what extent the parties have resolved the issues raised in the motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 16, 2014, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to: Daniel A. Martinez, Esquire, Jennifer C. Worden, Esquire, and Weslee L. Ferron, Esquire, Martinez Denbo, LLC, 2935 First Avenue North, Second Floor, St. Petersburg, Florida, 33713, Attorneys for Defendant.

*/s/ Steven M. Brady*
STEVEN M. BRADY
FBN: 749516
THE BRADY LAW FIRM, P.A.
7380 W. Sand Lake Road
Suite 500
Orlando, FL  32819
Telephone: 321-300-5290
Facsimile: 407-512-6583
Email: steven@bradylaw.us
Email: chris@bradylaw.us
Counsel for Plaintiff, Maronda Homes, Inc. of Florida

# EXHIBIT A

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA

    Plaintiff,                                             CASE NO. 6:14-cv-1287-GAP-TBS

vs.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant.
_____/

## **PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF CORPORATE REPRESENTATIVE AND RECORDS CUSTODIAN OF DEFENDANT**

    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned attorney will take the deposition of the corporate representative of the Defendant, Progressive Express Insurance Company, with the most knowledge of the areas of inquiry listed in the attached **Schedule A**.

    The deposition will take place on _____, 2014, at _____ a.m./p.m.  The deposition will be taken at _____, upon oral examination before a Notary Public or officer authorized by law to take depositions in the State of Florida.  The oral examination will continue from day to day until completed.  The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of the Court.

    **PLEASE TAKE FURTHER NOTICE** that the deposition of the authorized records

1
THE BRADY LAW FIRM, P.A.

custodian of Defendant will also be taken. At the time of the deposition, the deponent should have with him and be ready to authenticate the original documents listed in the attached **Schedule B**. The deponent must be able to testify that the documents produced pursuant to this notice are complete, that a diligent search has been performed, and that they are authentic originals.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic email on this ____ day of October, 2014, to: Daniel A. Martinez, Esquire, Jennifer C. Worden, Esquire, and Weslee L. Ferron, Esquire, Martinez Denbo, LLC, 2935 First Avenue North, Second Floor, St. Petersburg, Florida, 33713, Attorneys for Defendant, dmartinez@civillit.com, jworden@civillit.com, wferron@civillit.com.

*/s/ Steven M. Brady*
STEVEN M. BRADY
FBN: 749516
THE BRADY LAW FIRM, P.A.
Attorneys for Plaintiff, Maronda Homes, Inc. of Florida
7380 W. Sand Lake Road
Suite 500
Orlando, FL  32819
Telephone: 321-300-5290
Facsimile: 407-512-6583
Email: steven@bradylaw.us
Email: chris@bradylaw.us

## SCHEDULE A -- Areas of Inquiry

1. The matters alleged in Maronda's Complaint.

2. Maronda's demand for defense and indemnity.

3. Progressive's failure to property investigate the underlying claim and destruction of one of the tractors.

4. Progressive's failure to provide Maronda and others with statutory disclosures under Florida Statute Section 627.4137.

5. Progressive's failure to communicate with its insured.

6. Progressive's unilateral appointment of conflicted counsel to Maronda.

7. Progressive's discovery fraud in the underlying action including, but not limited to, creating and filing false and misleading discovery affidavits and testimony and refusing to disclose and provide upon request the Progressive commercial auto policy for Angela Lively.

8. Progressive's failure to provide Maronda or its counsel with a certified copied of the entire insurance policies for ACL and Angela Lively, with accurate insurance policy limits information, despite multiple requests.

9. The underlying lawsuit, styled *Carlos Mesa Merida,* Osceola County Circuit Court Case No. 2014-CA-545-AN.

10. The accident that occurred on May 10, 2013, when Carlos Mesa Merida was allegedly injured after colliding with a vehicle that was being operated by Terry Chance.

11. The insurance policy issued to AC&L Farms, Inc., including all endorsements,

declaration pages, applications, and forms.

12. The insurance policy issued to Angela S. Lively d/b/a All Trucking, including all endorsements, declaration pages, applications, and forms.

13. The communications to and from AC&L Farms, Inc., All Trucking, and Maronda regarding the insurance policy, Mr. Mesa's claims, or Maronda's demand for defense and indemnity.

14. The underwriting file and guidelines for the insurance policies applicable to Mr. Mesa's accident.

15. The claim file relating to Mr. Mesa's claims or Maronda's demand for defense and indemnity.

16. The denial of Maronda's demand for separate and independent defense counsel.

17. The claims adjusting guidelines relevant or applicable to Mr. Mesa's claims or Maronda's demand for defense and indemnity.

18.  Progressive's use of one adjuster for 4 insureds, with conflicted interests.

19.   Progressive's refusal to pay either defense fees or costs of Maronda for anything.

## SCHEDULE B -- Document Requests (Originals Required)

1. All documents relating to the matters alleged in Maronda's Complaint.

2. All documents relating to Maronda's demand for defense and indemnity.

3. All documents relating relating to the underlying lawsuit, styled *Carlos Mesa Merida v. Terry Chance, et al,* Osceola County Circuit Court Case No. 2014-CA-545-AN.

4. All documents relating to the accident that occurred on May 10, 2013, when Carlos Mesa Merida was allegedly injured after colliding with a vehicle that was being operated by Terry Chance.

5. Any and all insurance policies issued to AC&L Farms, Inc. ("AC&L") that may provide coverage for the accident, including all endorsements, declaration pages, applications, and forms.

6. Any and all insurance policies issued to Angela S. Lively d/b/a All Trucking ("All Trucking") that may provide coverage for the accident, including all endorsements, declaration pages, applications, and forms.

7. Any and all communications to or from AC&L relating to its insurance policy, Mr. Mesa's claims, or Maronda's demand for defense and indemnity.

8. Any and all communications to or from All Trucking relating to its insurance policy, Mr. Mesa's claims, or Maronda's demand for defense and indemnity.

9. Any and all communications to or from Maronda relating to the insurance policies, Mr. Mesa's claims, or Maronda's demand for defense and indemnity.

10. The entire underwriting file and guidelines for AC&L's insurance policy applicable

to Mr. Mesa's accident.

11. The entire underwriting file and guidelines for All Trucking's insurance policy applicable to Mr. Mesa's accident.

12. Your claim file relating to Mr. Mesa's claims or Maronda's demand for defense and indemnity.

13. The personnel files for any insurance claim representative or adjusters or underwriters who were involved with AC&L's insurance policy, All Trucking's insurance policy, Mr. Mesa's claims, or Maronda's demand for defense and indemnity, including copies of their licenses to work in the insurance field. These files may be redacted to protect any personal, private, or confidential information.

14. Any claims adjusting guidelines relevant or applicable to Mr. Mesa's claims or Maronda's demand for defense and indemnity.

15. Any recordings of conversations relating to the policies or claims at issue.