UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC., OF FLORIDA,

    Plaintiff,

v.                                                 Case No. 6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.
_____/

ORDER

Pending before the Court is Plaintiff's Second Motion to Compel Discovery with Respect to Defendant's Written Discovery Responses. (Doc. 32). For the reasons that follow the motion is due to be DENIED.

On October 8, 2014, Plaintiff Maronda Homes, Inc., of Florida served interrogatories, requests for production and requests for admissions on Defendant Progressive Express Insurance Company. (Id., ¶ 5). Seven days later, Progressive informed Maronda that it was preparing a motion to delay the time within it would be required to respond to Maronda's written discovery.[1] The next day at approximately 4:56 p.m., counsel for Maronda sent an email to Progressive's attorney.[2] (Doc. 39, ¶ 15). Progressive characterizes the email as being nearly identical to an earlier email which "purported to constitute Plaintiff's counsel's good faith attempt to resolve the

---

[1] The parties have not provided a copy of Progressive's email. Maronda alleges that Progressive said it would request an extension of time (Doc. 32, ¶ 7); Progressive alleges that it told Maronda it would be asking the Court to suspend discovery until resolution of its pending motion to dismiss. (Doc. 39, ¶ 14). For purposes of this Order, the distinction does not make a difference.

[2] A copy of this email has not been provided to the Court.

issues raised in Plaintiff's First Motion to Compel ...". (Id., ¶ 15). Attached to the email was a copy of Maronda's second motion to compel discovery. (Id.). Approximately 44 minutes later, and without having received a response from Progressive, Maronda's lawyer filed the second motion to compel. (Id., ¶ 16). The motion includes the following certificate:

### CERTIFICATE OF GOOD FAITH CONFERENCE

> Pursuant to Local Rule 3.05(g), Maronda's counsel contacted opposing counsel's office in an effort to discuss the issues raised in this motion but was unable to reach opposing counsel. Maronda's counsel will supplement this motion as soon as possible with a statement certifying whether and to what extent the parties have resolved the issues raised in the motion.

(Doc. 32 at 8). Maronda supplemented the motion the following day, stating that it was authorized to represent to the Court that Progressive does not agree to the relief sought in the second motion to compel. (Doc. 34). Progressive has filed its response in opposition to the second motion to compel discovery and this dispute is ripe for decision. (Doc. 39).

The Federal Rules of Civil Procedure permit party's to take written discovery from their opponents by means of interrogatories, requests to produce, and requests for admissions. FED. R. CIV. P. 33, 34, 36. The opponent has 30 days after service to respond to this written discovery. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Maronda filed its second motion to compel eight days after propounding its discovery requests to Progressive. It explains:

> Because Progressive indicated on October 15 (by email) that it does not intend to respond to Maronda's written discovery requests within the time allowed by the Federal Rules of Civil Procedure, and

-2-

> because Progressive's refusal to respond will unnecessarily and unfairly delay the depositions of Progressive's corporate representative and records custodian, and render the agreed-upon discovery deadlines pointless, Maronda moves to compel Progressive to provide timely responses to its written discovery requests, for the following reasons.

(Doc. 32, ¶ 8).

The Court rejects Maronda's rationale for filing its second motion to compel. First, Progressive never "indicated" that it did not intend to respond to Maronda's written discovery within the time provided by the Rules.  What Progressive said was that it was going to motion the Court for an extension of time or suspension of discovery.  If Maronda had waited for Progressive's motion to be filed, it would have had an opportunity to respond, and then the Court would have made a decision. However the Court ruled, it has no reason to believe Progressive would not have complied with the Court's decision and the applicable rules of civil procedure.

In its first breath, Maronda alleges that Progressive "indicated" it would not comply with the rules of civil procedure.  In its next breath, Maronda recasts Progressive's communication as an unequivocal "refusal to respond."  Maronda provides no evidence to support this claim which appears to the Court to be false.

Maronda argues that the immediate filing of its motion to compel was required or else two depositions would be unnecessarily and unfairly delayed.  The depositions could not have been delayed because they were never set.  (Doc. 31).  Even if the depositions had been set, Maronda has not explained why or how it would be unfairly prejudiced if the Court granted Progressive relief.  Maronda's further argument that if

the Court granted Progressive's to-be-filed motion, the discovery deadlines in the case would be rendered "pointless" does not merit discussion.

Counsel for Maronda did not comply with Local Rule 3.01(g) before filling the second motion to compel, and any subsequent discussion by counsel came too late to cure the violation. Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.

The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g).

Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a

completed Rule 3.01(g) certificate.  There were no time constraints on counsel for Maronda when he filed the second motion to compel and therefore, no justification for filing the motion without waiting a reasonable time for a response.

For these reasons, Plaintiff's Second Motion to Compel Discovery with Respect to Defendant's Written Discovery Responses (Doc. 32), is DENIED.  When a motion to compel is denied, the Court:

> ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award fo expenses unjust.

FED. R. CIV. P. 37(a)(50(B).

No exception applies in this case.  Accordingly, Progressive shall recover its expenses, including reasonable attorneys' fees, for defending Maronda's second motion to compel.  The Court will carry the issue of amount until it resolves Plaintiff's First Motion to Compel Discovery with Respect to Deposition Dates and Defendant's Motion for Protective Order Regarding Plaintiff's Requests for Deposition Duces Tecum as to Defendant's Corporate Representative and Records Custodian.  (Docs. 31, 40).  Then, the Court will enter a single, net award as to all three motions.

DONE AND ORDERED in Orlando, Florida, on November 3, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel