# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARONDA HOMES, INC. OF FLORIDA,**

      **Plaintiff,**

**v.**                                             **Case No:   6:14-cv-1287-Orl-31TBS**

**PROGRESSIVE EXPRESS INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on Plaintiff's Motion to Remand (Doc. 12) and Defendant's Response in Opposition (Doc. 27).

### I.   Background

Plaintiff, Maronda Homes, Inc. of Florida ("Maronda"), sued Defendant, Progressive Express Insurance Company ("Progressive"), in state court[1] seeking a declaratory judgment regarding Progressive's duty to defend Maronda in an underlying tort action[2]. Progressive filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1332, alleging diversity of citizenship and an amount in controversy in excess of $75,000.00. (Doc. 1). Maronda filed a Motion to Remand, alleging that Progressive failed to show that the case satisfies the jurisdictional threshold. (Doc. 12).

---

[1] *Maronda Homes, Inc. of Florida v. Progressive Express Insurance, Co.*, No. 14-CA-6869-0 (Fla. 9th Cir. Ct. 2014).

[2] *Merida v. Chance et. al*, No. 14-CA-545-AN (Fla. 9th Cir. Ct. 2014).

**II.     Remand Standard**

In order to invoke a federal court's diversity jurisdiction, a plaintiff must show that the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332(a), and all parties to the action must be completely diverse. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994).[3] Removal statutes are to be construed narrowly, with any uncertainties to be resolved in favor of remand. *Syngenta Crop. Prot., Inc. v. Henson,* 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction. *Sandifer P'ship, Ltd v. Dolgencorp, Inc.*, No. 304CV1238J12TEM, 2005 WL 2063790 (M.D. Fla. Aug. 24, 2005). Generally, "jurisdictional facts are assessed on the basis of the plaintiff's complaint *as of the time of removal." Burns,* 31 F.3d at 1097, n. 13. However, post-removal evidence may be considered if it is relevant to the time of the removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). When jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction must prove by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The court may use its "judicial experience and common sense" to deduce, infer or extrapolate whether the case meets jurisdictional requirements. *Id*. at 1062; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

**III.    Analysis**

In its Complaint, Maronda seeks a declaration that Progressive has breached its duty to defend Maronda in the underlying tort case,[4] and seeks to recover the attorney's fees it incurred

---

[3] The parties agree that the diversity of citizenship requirement is met.

[4] It appears that Progressive has now settled that claim. (Doc. 42).

defending itself in that case, as well as the fees incurred in this case, pursuant to Florida Statutes, Section 86.011. (Doc. 2). Although the complaint here specifies only indeterminate damages, sufficient to meet the state court's jurisdictional threshold ($15,000.00), the Court has reviewed the pleadings in this case and the underlying case and concludes that Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.00.[5] Furthermore, the affidavits provided by Defendant (Doc. 27-3; Doc. 27-4) contain estimates for attorney's fees in similar cases which reasonably support an inference that the fees at issue in this declaratory action will amount to greater than $75,000.00.

It is hereby

**ORDERED** that Plaintiffs' Motion for Remand is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 12, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] The Court notes in this regard the tendency of Maronda's counsel to over-litigate issues. (*See, e.g.*, Doc. 44).