UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

      Plaintiff,

v.                                   Case No:  6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

      Defendant.

_____

## ORDER

The following motions are pending before the Court:

Plaintiff's First Motion to Compel Discovery with Respect to Deposition Dates (Doc. 31);

Defendant's Motion for Protective Order Regarding Plaintiff's Requests for Deposition Duces Tecum as to Defendant's Corporate Representative and Records Custodian (Doc. 40); and

Defendant's Motion for Suspension of Discovery or, in the Alternative, to Extend Time to Respond to Plaintiff's Discovery Requests until Resolution of Defendant's Motion to Dismiss (Doc. 43).

For the reasons that follow, Plaintiff's Motion to Compel will be **GRANTED** to the extent that Progressive shall provide deposition dates for its corporate representative and records custodian, and Defendants motions will be **DENIED**.

## Background

Carlos Merida was injured when his vehicle was struck by a truck driven by Terry Chance.   (Doc. 2, ¶¶ 6-7).   When the accident occurred, Chance was hauling construction materials to Plaintiff Maronda Homes of Florida, Inc. job sites under a contract between Maronda and Chance's employer, AC&L Farms, Inc. and/or Angela S.

Lively d/b/a All Trucking.   (Id., ¶¶ 7-8).   Following the accident, Merida brought a

negligence action in state court against Chance, Maronda, AC&L, and All Trucking.   (Id.,

¶ 6).   Maronda, through its lawyer Steven M. Brady (1) filed an answer and affirmative

defenses to Merida's complaint, (2) informed its insurance carrier, Defendant Progressive

Express Insurance Company about the lawsuit, (3) asked Progressive to provide a

defense, and (4) asked Progressive to provide all of the disclosures required by §

627.4137 Florida Statutes.[1]   (Id., ¶¶ 11-13).

Progressive directed a staff attorney member of its in-house law firm to appear and

defend all four defendants.[2]   (Id. ¶ 14).   Maronda declined representation by the staff

attorney on the ground that conflicts of interest existed between the four defendants.

---

[1] The statute provides:

(1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

(a) The name of the insurer.

(b) The name of each insured.

(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.

(e) A copy of the policy.

In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.

(2) The statement required by subsection (1) shall be amended immediately upon discovery of facts calling for an amendment to such statement.

(3) Any request made to a self-insured corporation pursuant to this section shall be sent by certified mail to the registered agent of the disclosing entity.

[2] It appears that one or more of the other state court defendants may have also had insurance policies with Progressive.

(Id., ¶¶ 14–21).   It also renewed its request for information made pursuant to § 627.4137.

(Id., ¶ 21).   Progressive responded by hiring a second lawyer to only represent Maronda.

(Id., ¶ 24).   Maronda desired to amend its answer and affirmative defenses to add

crossclaims against its co-defendants.   (Id., ¶ 21).   The new lawyer hired by Progressive

told Maronda "he would be reluctant to take positions in litigation that were adverse to

Progressive because he did not want to jeopardize his business relationship with

Progressive."   (Id., ¶ 29).   Maronda alleges that because this lawyer's true allegiances

were to Progressive it "had no choice but to conditionally decline the defense provided by

Progressive as being legally insufficient."   (Id.).   In the absence of an acceptable lawyer

supplied by Progressive, Brady has continued to represent Maronda in the state court

case.

On June 27, 2014, Maronda filed this lawsuit in state court, seeking a declaration

that Progressive breached the terms of the parties' insurance contract and damages for

"insurance benefits, interest, costs, underlying defense fees and costs in the underlying

case..., and attorney fees for this action pursuant to" FLA. STAT. § 627.428.   (Doc. 2).

Progressive removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and

1446 and moved for dismissal of Maronda's claims on the grounds that (1) there is no

justiciable case or controversy, (2) Maronda is attempting to prematurely allege a bad-

faith claim before the underlying action has terminated, (3) Maronda failed to plead facts

sufficient to support a breach of contract claim, and (4) as an insured, Maronda has no

cause of action under FLA. STAT. § 627.4137 for Progressive's failure to provide insurance

information because the statute only requires that the disclosure be made to claimants.

(Docs. 1, 5).

Four days after the lawyers for Maronda and Progressive conducted their case management conference, Maronda sent Progressive a Rule 30(b)(6) deposition notice with the date left blank, and asked Progressive to provide alternative dates on which its corporate representative could be deposed.   (Doc. 31, p. 2).   The following day, Maronda served interrogatories and requests for the production of documents on Progressive.   (Doc. 31, p. 2; see also Doc. 32).   After receiving this discovery, Progressive notified Maronda that it would seek a protective order against any depositions prior to resolution of its motion to dismiss.   (Doc. 31, p. 3).   The next day, Maronda filed two motions to compel.   (Docs. 31-32).   The first motion asks the Court to compel Progressive to provide deposition dates for its corporate representative and records custodian.   The second motion asked the Court to compel Progressive to provide responses to Maronda's written discovery.   The Court has already denied the second motion to compel because it was prematurely filed and Maronda's lawyer failed to comply with Local Rule 3.01(g) which requires counsel to confer in good faith before most motions are filed.   (Doc. 41).

Progressive responded to Maronda's motions and moved for two protective orders. (Docs. 39, 40 and 43).   In its first motion for protective order, Progressive is asking the Court to prevent Maronda from deposing its corporate representative pending resolution of its motion to dismiss.   It has also objected to every area of inquiry and document request contained in the deposition notice.   (Docs. 39-40).   In its second motion, Progressive is asking the Court to enter a protective order suspending all discovery, or in the alternative extending the time to respond to discovery, until the Court rules on its motion to dismiss.   Maronda has responded to Progressive's motions.   (Docs. 45, 47).

## Discussion

Progressive is asking that the Court to stay discovery pending resolution of its motion to dismiss.   District courts enjoy the discretion to stay discovery during the pendency of a motion that may dispose of the case.   But, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved."   Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013). Stays of discovery are disfavored because they tend to delay resolution of cases. Simpson v. Specialty Reality Concepts, 121 F.R.D. 261, 263 (M.D.N.C. 1988).   The party seeking a stay has the burden of showing good cause and reasonableness.   Id. In deciding whether to grant a stay, courts

> must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.   This involves weighing the likely costs and burdens of proceeding with discovery.   It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (citing Hovermale v. School Board of Hillsborough County, 128 F.R.D. 287 (M.D. Fla. 1989).

This Court is not at all certain the district court will grant Progressive's motion to dismiss.   First, the Court has difficulty finding merit in Progressive's insistence that there is not subject matter jurisdiction, particularly since Progressive is the party that invoked the Court's jurisdiction by removing the case from state court.[3]   If Progressive is right when it says the Court lacks subject matter jurisdiction then it improperly removed the case and the appropriate remedy is remand, not dismissal.   See 28 U.S.C. § 1447(c) ("If

---

[3]Progressive's position on this point is inconsistent with the position it took in opposing Maronda's motion to remand when it said "removal [was] appropriate pursuant to" 28 U.S.C. sections 1332, 1441(a) and (b), and 1446(b)."   (Doc. 27, p. 1).

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").   Another problem with Progressive's non-justiciability argument is that it is based on Florida law.   (See Doc. 5, pp. 3-4).   The Court's removal jurisdiction turns on federal law.   See 28 U.S.C. § 1441(a) (removal jurisdiction extends to cases that could have been brought in federal court).   Whether the state court had jurisdiction over the action prior to removal is irrelevant.   See 28 U.S.C. § 1441(f) (abolishing the doctrine of derivative jurisdiction).

Even if the Court construes Progressive's motion as raising the argument that it lacks jurisdiction because there is no Article III case or controversy it would still find no merit in Progressive's argument.   Maronda alleges that it has suffered and continues to suffer an injury–legal expenses incurred in defending the state-court action–which was caused by Progressive's alleged failure to provide conflict-free legal counsel and is redressable by an award of damages equal to those legal expenses.

For the same reason, the Court disagrees with Progressive's argument that the case is moot because the state-court action has settled within policy limits.   Assuming Merida's claim against Maronda has been settled, Maronda still has a claim for its legal expenses incurred in that case.   Whether the injury is one for which Maronda can recover under state law goes to the merits, not jurisdiction.   Therefore, this suit has presented an Article III case or controversy from the day it was removed until today, notwithstanding the purported settlement of the state court action.

Progressive's merits arguments, although more substantial than its jurisdictional ones, do not persuade the Court that there is a "strong likelihood" the district court will dismiss the case.   Progressive argument that Maronda is attempting to raise a premature bad faith insurance claim misapprehends Maronda's claims.   In an ordinary bad faith

suit, the insurer has refused to settle within the policy limits or otherwise mishandled settlement negotiations and as a result, the insured has suffered an injury in the form of a judgment in excess of the policy limits.   See Kelly v. Williams, 411 So. 2d 902, 904 (Fla. App. 5th Dist. 1982).   Not surprisingly, Florida courts require a final judgment on damages in the underlying action before permitting such claims.   Blanchard v. State Farm Mutual Auto Ins. Co., 575 So. 2d 1289 (Fla. 1991).   If the damage award falls short of the policy limits, there is no excess judgment and the insured suffers no monetary injury, no matter how badly the insurer botched the settlement negotiations.

This case is so factually different that the Court finds the rationale underpinning the Blanchard rule inapplicable.   While Maronda is alleging that Progressive breached the insurance contract, the nature of the breach and the harm suffered are different. Progressive's alleged breach concerns its choice of counsel to defend Maronda which responded by obtaining representation on the open market.   Maronda's claimed injury is the expenses it incurred for substitute counsel.   This damage is present regardless of the outcome of the underlying state court case and therefore, there is no reason to force Maronda to wait until after the underlying suit is resolved to bring this lawsuit.

The Court also finds no reason to stay discovery based on Progressive's argument that Maronda has not adequately pled the elements of a breach of contract claim. Progressive contends that Maronda "failed to plead any material breach resulting in damages."   (Doc. 5, p. 7).   The complaint alleges a contract under which Progressive agreed to defend Maronda against claims arising from motor vehicle accidents.   (Doc. 2, ¶ 12).   Maronda alleges that after it notified Progressive that it was being sued on claims both parties agree fall within the scope of coverage, Progressive hired attorneys who Maronda properly rejected.   (Doc. 2, ¶¶ 14, 29).   While the Court does not have a copy

of the insurance policy, it seems unlikely that Progressive could discharge its contractual duty to defend Maronda by furnishing a lawyer who expressly refused to put Maronda's interests before Progressive's should their interests conflict. And, as the Court has already explained, Maronda has certainly pled damages.

The remaining argument in Progressive's motion–that Maronda cannot bring suit under FLA. STAT. § 627.4137–does not provide grounds for disposing of the entire case. Therefore, the Court believes it is unlikely that the district court will dismiss the case and "entirely eliminate the need for ... discovery," and thus, there is not a valid basis to stay discovery pending resolution of Progressive's motion to dismiss. Simpson, 121 F.R.D. at 263.

Separately, Progressive objects to each and every area of inquiry and document request in Maronda's notice of deposition of Progressive's corporate representative. The Court finds it unnecessary to address the 19 areas of inquiry and 15 document requests seriatim. Instead, the Court will articulate general guidelines to inform the parties of what is discoverable and what is not.

First, the Court rejects all of Progressive's objections that mirror their arguments that the case should be dismissed. Second, some basic information–such as the insurance contracts for each of the insured parties and Progressive's communications with Maronda–is unquestionably discoverable. Third, the Court rejects Progressive's argument that the claim files are not discoverable because Maronda has not brought "a valid claim for insurance bad faith." The cases Progressive cites in support of this argument all hold that discovery of the claim file is inappropriate before coverage is established. See Allstate Ins. Co. v. Baughman, 741 So. 2d 624, 625 (Fla. App. 2d Dist. 1999); Hartford Ins. Co. v. Mainstream Construction Group, Inc., 864 So. 2d 1270 (Fla.

App. 5th Dist. 2004); <u>Old Republic National Title Ins. Co. v. Home American Credit, Inc.</u>, 844 So. 2d 818 (Fla. App. 5th Dist. 2003); <u>U.S. Fire Ins. Co. v. Clearwater Oaks Bank</u>, 421 So. 2d 783 (Fla. App. 2d Dist. 1982).   These cases are inapposite because the parties agree Merida's claim against Maronda is covered under the policy.

On the other hand, several of Maronda's proposed areas of inquiry–for example, No. 1, "The matters alleged in Plaintiff's Complaint"–are unacceptably broad.   Rule 30(b)(6) requires that a deposition notice state the topics the corporate representative will be questioned about with "reasonable particularity."   In addition, some of the topics for inquiry appear to be designed to extract privileged communications and attorney work product related to Progressive's representation of the other defendants in the state court case.   Maronda's request that Progressive disclose its communications with other defendants strikes the Court as an attempt to engage in a fishing expedition into the litigation strategies of the Maronda's co-defendants in state court, against whom Maronda has asserted cross-claims.   While Maronda is entitled to discovery of what Progressive did or did not say to Maronda, it is not entitled to rummage through its co-defendants' case files in an effort to gain an unfair advantage over them on its state court cross-claims.

Federal Rule of Civil Procedure 37(a)(5)(A) provides for the recovery of legal expenses, including attorney's fees, in connection with a motion to compel disclosures or discovery.   But, the Rule does not extend to motions to compel dates for taking depositions.   Therefore, Maronda's request for attorney's fees in connection with its motion to compel will be denied.

Rule 37(a)(5)(B) provides that if a motion for protective order is denied "the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the

motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."   While Maronda has prevailed on both of Progressive's motions for protective orders, some of Progressive's objections to the deposition notice served by Maronda were substantially justified.   Therefore, the Court apportions the reasonable expenses of these motions with the net balance being in Maronda's favor.

In its Order on Maronda's motion to compel responses to its interrogatories and document requests, the Court found that Progressive was entitled to its attorney's fees but reserved decision on the amount pending a ruling on the discovery motions decided in this Order.   Consequently, the parties are entitled to recover legal expenses from each other in connection with their discovery motions.   The work in connection with these motions does not appear to be substantial, and it is unlikely that there is any material difference in the amounts owed to the parties.   Therefore, the Court finds that no party shall recover attorney's fees, costs or other legal expenses in connection with the motions at docket entries 31, 32, 40 and 43.

The Court is concerned that counsel may not be complying with Local Rule 3.01(g) before motions are filed.   Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.   The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good

faith effort to resolve the motion without court action and does not envision an email, fax or letter.   Counsel who merely "attempt" to confer have not "conferred."   A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.   See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).   A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.

### Conclusion

Now, it is **ORDERED** that:

1.   Plaintiff Maronda Homes Inc.'s Motion to Compel (Doc. 31) is **GRANTED**. Within seven days from the rendition of this Order, Progressive shall provide alternate dates upon which its corporate representative and records custodian are available to be deposed by Maronda.   Progressive shall produce documents consistent with the guidance provided in this Order.

2.   Progressive's motion for protective order (Doc. 40) is **DENIED**.

3.   Progressive's motion for suspension of discovery (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record