# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARONDA HOMES, INC. OF FLORIDA,**

       **Plaintiff,**

**v.**     Case No: 6:14-cv-1287-Orl-31TBS

**PROGRESSIVE EXPRESS INSURANCE COMPANY,**

       **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Complaint (Doc. 5), Defendant's Memorandum in Support of the Motion to Dismiss (Doc. 10),[1] and the Plaintiff's Response in Opposition (Doc. 24).

### I.  Background

Plaintiff, Maronda Homes, Inc. of Florida ("Maronda"), sued Defendant, Progressive Express Insurance Company ("Progressive"), in state court[2] alleging a breach of contract and seeking a declaratory judgment regarding Progressive's duty to defend Maronda in an underlying tort action[3]. The action was subsequently removed to this Court.

---

[1] The Motion to Dismiss was originally filed in state court based on the Florida Rules of Civil Procedure. After removal to this Court, Progressive submitted its Memorandum in Support of the Motion to Dismiss asserting essentially the same argument but based on the applicable federal standards.

[2] *Maronda Homes, Inc. of Florida v. Progressive Express Insurance, Co.*, No. 14-CA-6869-0 (Fla. 9th Cir. Ct. 2014).

[3] *Merida v. Chance et. al*, No. 14-CA-545-AN (Fla. 9th Cir. Ct. 2014).

There is no dispute that Progressive has a duty to defend Maronda in the tort action; indeed, it has provided two separate attorneys to defend Maronda. Maronda, however, has asserted that those attorneys suffered from conflicts of interest or are otherwise not capable of providing the legal services Maronda requires. Accordingly Maronda hired its personal counsel to handle the litigation, and in this case it seeks reimbursement for those legal fees. At base, this dispute is about whether Maronda is contractually entitled to have Progressive pay for its attorney of choice.

## II.     Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III.   Analysis

The contract of insurance provides two basic obligations on the part of Progressive—the duty to defend and the duty to indemnify. There is no allegation that Progressive has declined its duty to indemnify or that it reserved its right to do so. Because the underlying controversy has been resolved (*see* Doc. 46), there is no remaining issue as to the respective obligations of the parties moving forward. Accordingly, the declaratory claim as pled is moot. *See Syfrett v. Syfrett-Moore ex rel. Estate of Syfrett*, 115 So. 3d 1127, 1130 (Fla. Dist. Ct. App. 2013) (noting that a declaratory action must pose a present and practical need for a declaration of rights).

The sole remaining issue is whether Progressive breached its duty to defend by failing to pay for the counsel retained by Maronda. The extent of Progressive's contractual duty in this regard is largely fact driven and cannot be resolved at this stage of the proceeding.

It is therefore,

**ORDERED**, the Motion to Dismiss (Doc. 5) is **GRANTED IN PART AND DENIED IN PART,** Count I – Claim for Declaratory Relief is **DISMISSED.** The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 4, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party