UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

    Plaintiff,

v.                                          Case No:   6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.

## ORDER

This matter comes before the Court on Defendant Progressive Express Insurance Company's ("Progressive") Motion to Strike Portions of Plaintiff's Complaint.  (Doc. 51). The motion will be **DENIED** because striking the objected-to paragraphs at this stage of the litigation would serve no useful purpose.

## Background

Carlos Merida was injured when his vehicle was struck by a truck driven by Terry Chance.  (Doc. 2, ¶¶ 6-7).  When the accident occurred, Chance was hauling construction materials to Plaintiff Maronda Homes of Florida, Inc.'s ("Maronda") job sites under a contract between Maronda and Chance's employer, AC&L Farms, Inc. and/or Angela S. Lively d/b/a All Trucking.  (Id., ¶¶ 7-8).  Following the accident, Merida brought a negligence action in state court against Chance, Maronda, AC&L, and All Trucking.  (Id., ¶ 6).  Maronda, through its lawyer Steven M. Brady (1) filed an answer and affirmative defenses to Merida's complaint, (2) informed its insurance carrier, Defendant Progressive Express Insurance Company about the lawsuit, (3) asked

Progressive to provide a defense, and (4) asked Progressive to provide all of the disclosures required by § 627.4137 Florida Statutes.[1]  (Id., ¶¶ 11-13).

Progressive directed a staff attorney member of its in-house law firm to appear and defend all four defendants.[2]  (Id. ¶ 14).   Maronda declined representation by the staff attorney on the ground that conflicts of interest existed between the four defendants. (Id., ¶¶ 14-21).   It also renewed its request for information made pursuant to § 627.4137. (Id., ¶ 21).   Progressive responded by hiring a second lawyer to represent only Maronda. (Id., ¶ 24).   Maronda desired to amend its answer and affirmative defenses to add cross-claims against its co-defendants.   (Id., ¶ 21).   The new lawyer hired by Progressive told Maronda "he would be reluctant to take positions in litigation that were adverse to

---

[1] The statute provides:

(1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

(a) The name of the insurer.

(b) The name of each insured.

(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.

(e) A copy of the policy.

In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.

(2) The statement required by subsection (1) shall be amended immediately upon discovery of facts calling for an amendment to such statement.

(3) Any request made to a self-insured corporation pursuant to this section shall be sent by certified mail to the registered agent of the disclosing entity.

[2] Apparently, one or more of the other state court defendants also had insurance policies with Progressive.

Progressive because he did not want to jeopardize his business relationship with Progressive." (Id., ¶ 29). Maronda alleges that because this lawyer's true allegiances were to Progressive it "had no choice but to conditionally decline the defense provided by Progressive as being legally insufficient." (Id.). In the absence of an acceptable lawyer supplied by Progressive, Brady has continued to represent Maronda in the state court case.

On June 27, 2014, Maronda filed this lawsuit in state court, seeking a declaration that Progressive breached the terms of the parties' insurance contract, and for damages for "insurance benefits, interest, costs, underlying defense fees and costs in the underlying case..., and attorney fees for this action pursuant to" FLA. STAT. § 627.428. (Doc. 2). Progressive removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and moved for dismissal of Maronda's claims. (Docs. 1, 5). On December 10, 2014, the Court dismissed Maronda's declaratory judgment claim and otherwise denying Progressive's motion to dismiss. (Doc. 50). On December 22, Progressive filed its answer and the pending motion to strike. (Docs. 52, 53). The motion asks the court to strike the following paragraphs from Maronda's complaint:

> 41. Progressive failed to respond to Maronda's requests for insurance information under Section 627.4137 as alleged herein.
>
> 42. Progressive improperly advised Maronda about the available coverage for the claims in the underlying action as $300,000. This is/was false.
>
> 43. Progressive wasted the available coverage under the policy by settling out with a third party without consulting Maronda.
>
> 45. Progressive's staff attorney improperly advised Maronda about the available insurance coverage for the claims in the underlying action.

Case 6:14-cv-01287-GAP-TBS   Document 54   Filed 01/06/15   Page 4 of 7 PageID 1412

(Doc. 51, p. 2).

## Discussion

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have long regarded motions to strike with skepticism. "'Particularly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.'" Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). See also Beepot v. J.P. Morgan Chase National Corporate Services, Inc., No. 3:10-cv-423-J-34PDB, __ F. Supp. 3d. __, __, n. 1 (M.D. Fla. Oct. 30, 2014) (criticizing parties for filing multiple motions to strike which the court found to be "a waste of time and resources"); Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-23257-CIV, 2012 WL 5410609, at *4 (S.D. Fla. Nov. 6, 2012) ("Rule 12(f) motions to strike are often considered purely cosmetic or 'time wasters.'").

Progressive argues that the allegations in paragraphs 41-43 and 45 are "inaccurate" and "are included solely in an effort to prejudice the finder of fact against Progressive and in favor of [Maronda's] claims." (Doc. 51, ¶ 3). The proper response to an allegation in a complaint that the defendant believes to be inaccurate is to deny the allegation in the answer, which Progressive has done here. (See Doc. 52). To the extent that the allegations in the four paragraphs might unfairly prejudice Progressive if presented to the jury at trial, that is a problem better addressed by the trial judge in the

pretrial order, an order on a motion in limine, or at the trial itself.  Cf. Wanecke v. Northwest Airlines, 10 F.R.D. 403, 403 (N.D. Ohio 1950) ("Although the language assailed perhaps may not perform any useful function in the complaint, prejudice to the defendant, in the event the proposed evidence is excluded at the time of trial, can be prevented either by proper instruction to the jury or by refusal to submit the pleadings to the jury.").  Accordingly, Progressive's motion is **DENIED**.

Yet again, the Court finds it necessary to emphasize to counsel for both parties the need to comply with Local Rule 3.01(g).  (See Docs. 41, 48; see also Doc. 11 (denying motion to vacate clerk's default for failure to comply with Rule 3.01(g))).  The rule reads, in full:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

Progressive failed to comply with Local Rule 3.01(g) in filing the motion to strike. In their Local Rule 3.01(g) certification, counsel for Progressive state that they "attempted

to consult with counsel for Maronda Homes ... by calling and leaving a detailed message about the motion and requesting a return call, and also sending a detailed email laying out Progressive's arguments.  The email and phone call were four days prior to the filing of this Motion.  No response has been received."  (Doc. 51, ¶ 9).  Local Rule 3.01(g) requires an actual conference; an attempt to confer is not sufficient.  Knights Armament Co. v. Optical Systems Technology, Inc., 254 F.R.D. 470, 472 (M.D. Fla. 2008) ("[A]n attempt to confer does not satisfy Local Rule 3.01(g).").  The Court recognizes that sometimes, opposing counsel may be unwilling or unable to confer before the motion must be filed.[3]  But in such a case the movant must "expeditiously" contact opposing counsel and "supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion."  Progressive failed to do so here.  Counsel for Maronda also has a duty to promptly respond to telephone calls and emails in which an opponent is seeking to meet and confer before a motion is filed.  If the counsel persist in not complying with Local Rule 3.01(g) the Court will have to consider imposing sanctions.  Cf. Smith v. Universal Health Care, Inc., No. 8:09-cv-1446-T-30TGW, 2010 WL 2757467, at *1 (M.D. Fla. July 13, 2010).

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2015.

THOMAS B. SMITH
United States Magistrate Judge

---

[3] As the Court has noted before, counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism); see also Liberty Life Assurance Co. of Boston v. Devillalvilla, No. 6:12-cv-1320-Orl-37TBS, 2014 WL 309084, at *7 (M.D. Fla. Jan. 28, 2014) (defendant's counsel ordered to show cause why he failed to respond to 3.01(g) inquiry, then ordered to show cause why he should not be sanction after he failed to respond to first order); Martin v. Northwestern Mutual Life Ins. Co., No. 8:04-cv-2328-T-23MAP, 2006 WL 148991, at *1 n. 2 (M.D. Fla. Jan. 19, 2006) (plaintiff's counsel's failure to respond to "numerous" requests for 3.01(g) conference was "inexcusable").

Copies furnished to Counsel of Record