UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

    Plaintiff,

v.                                      Case No. 6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.

## ORDER

This case comes before the Court on Defendant Progressive Express Insurance Company's motion to compel the deposition of witness Jeffrey T. Gagat on April 16, 2015 (Doc. 65). Plaintiff Maronda Homes, Inc. of Florida has filed a response in opposition to the motion (Doc. 68).

Maronda is a privately-owned homebuilding company that has thirty subsidiaries and operates in five states (Doc. 68-1, ¶ 3). Progressive is an insurance company which issued a commercial auto insurance policy to Maronda (Doc. 2, ¶ 12). In 2013, a motor vehicle accident resulted in the filing of a negligence lawsuit against Maronda and three other defendants (Doc. 2, ¶ 6; Doc. 65-3 at 7). Maronda gave Progressive notice of the lawsuit and requested that it provide a defense (Id., ¶¶ 11-13). Apparently, Progressive insured more than one defendant because it directed a staff attorney member of its in-house law firm to appear and defend all four defendants (Id. ¶ 14). Maronda objected that conflicts of interest prevented a single attorney from

representing all the defendants (Id., ¶¶ 14-21).  Progressive responded by hiring a different lawyer to only represent Maronda (Id., ¶ 24).  The new lawyer told Maronda "he would be reluctant to take positions in litigation that were adverse to Progressive because he did not want to jeopardize his business relationship with Progressive." (Id., ¶ 29).  This caused Maronda to conclude that the lawyer's true allegiances were to Progressive and that it "had no choice but to conditionally decline the defense provided by Progressive as being legally insufficient." (Id.).  In the absence of an acceptable lawyer supplied by Progressive, Maronda was represented in the motor vehicle accident case by its privately retained attorney, Steven M. Brady (Id., ¶¶ 11, 51).

Maronda filed this lawsuit seeking a declaration that Progressive breached the terms of the insurance policy it issued to Maronda, and for damages consisting of the attorney's fees and costs Maronda paid Brady's firm to defend the motor vehicle accident case (Doc. 2).  Progressive noticed a Fed.R.Civ.P. 30(b)(6) deposition of Maronda in this case and Maronda produced Robert Sellers as its designated corporate representative to testify on its behalf (Doc. 66, Page 7, Lines 14-19).  Sellers is the general manager of Maronda Integrated Production Systems, a "d/b/a" for Maronda's manufacturing arm (Id., Lines 20-23).

During the deposition, Sellers identified Jeffrey T. Gagat as Maronda's primary or point person on the motor vehicle accident case (Doc. 66, Page 14, Lines 20-23; Page 111, Lines 14-19).  Gagat is the vice-president and controller of Maronda, Inc. and its subsidiaries (Doc. 68-1).  At various points in the deposition, Sellers deferred to

Gagat as the person who did, or might have the knowledge to answer certain questions (Doc. 65, ¶ 14).  Progressive has subpoenaed Gagat for deposition on April 16, 2015.  Maronda and Gagat have not filed a motion for protective order to prevent the taking of the deposition but, Maronda's attorney told Progressive he will not allow the deposition to occur because Gagat does not have "unique or superior knowledge of the facts" compared to Sellers (Doc. 65, ¶¶ 5, 16).

Parties are generally permitted to discover relevant evidence, but the court may limit a request if "the discovery ... can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or if "the burden or expense of the proposed discovery outweighs its likely benefit...." Fed.R.Civ.P. 26(b)(2).  When discovery appears relevant on its face, the party opposing the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery is not relevant, or is of such marginal relevance that the potential harm occasioned by the discovery outweighs the ordinary presumption in favor of broad disclosure.  Stelor Productions, Inc. v. Google, Inc., No. 05-80387-CIV, 2008 WL 4218107 at *2 (S.D.Fla. Sept. 15, 2008) (citing Scott v. Leavenworth Unified School Dist. No. 453, 190 F.R.D. 583, 585 (D.Kan. 1999)).

Maronda argues that by subpoenaing Gagat, Progressive is attempting to take what is known as an apex deposition, meaning the deposition of a high ranking executive or principal in an organization.  Case law recognizes the need to protect these individuals from numerous, repeated and abusive depositions.  Brown v. Branch

Banking and Trust Co., No. 13-81192-CIV, 2014 WL 235455 at *2 (S.D.Fla. Jan. 22, 2014).  "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse and harassment." Id. (quoting Celebrity v. Ultra Clean Holding, Inc., No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D.Cal. Jan. 25, 2007)).  While there is no *per se* rule prohibiting depositions of top corporate executives, "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case."  Simon v. Pronational Ins. Co., No. 07-60757, 2007 WL 4893478, at *1 (S.D.Fla. Dec. 13, 2007) (quoting Cardenas v. Prudential Ins. Co. of America, 2003 WL 21293757 at *1 (D.Minn. May 16, 2003)). "[W]hen a high-ranking official of a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." Little League Baseball, Inc. v. Kaplan, No. 08-60554-CIV, 2009 WL 426277 at *2 (S.D.Fla. Feb. 20, 2009) (quoting Stelor Prods., Inc. v. Google, Inc., No. 05-80387, 2008 WL 4218107 at *4 (S.D.Fla. Sept. 15, 2008)); McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-Orl-22JGG, 2006 WL 5359797 at *2 (M.D.Fla. 2006) ("A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge.").

The Court doesn't know where Gagat's roles as controller and vice-president places him in the hierarchy at Maronda, and without this information, it is impossible to say whether Gagat is sufficiently senior in the company to be considered an apex witness.  Therefore, Maronda has not met its burden to prove the facts to support its objection.  Assuming arguendo, that Gagat is a senior executive of Maronda, the Court would still overrule the objection.  Even if Gagat is a high-ranking person in the company who is generally focused on the big picture, with little or no knowledge of day-to-day occurrences that was not his role in this case.  Maronda has identified him as its point person for the motor vehicle accident litigation, with knowledge Sellers did possess at the Rule 30(b)(6) deposition.  Additionally, Progressive has attempted to discover information by less intrusive means, including the deposition where Gagat was identified.

Maronda argues that the motion to compel should be denied because Gagat did not have any direct communications with Progressive concerning the motor vehicle accident or Progressive's handling of the claim.  This is borne out by Gagat's declaration filed in opposition to the motion to compel (Doc. 68-1).  There, he states that all of his communications concerning the motor vehicle case were with Brady in his capacity as Maronda's attorney; he had no direct communications with anyone at Progressive or any other company regarding the case; and the only knowledge he has about Maronda's communications with Progressive is what he was told by Maronda's attorneys (Id., ¶¶ 6-7). Based in part on this evidence, Maronda argues that all of Gagat's communications with Brady and other members of his firm are protected from

disclosure by the attorney-client and/or work product privileges (Id., ¶¶ 4, 14). If all of Gagat's communications' with Maronda's attorneys are in fact privileged, that does not foreclose the possibility that Gagat discussed the accident and Progressive's handling of the claim with other Maronda employees. It also does not address Gagat's possible knowledge and role in the making of decisions by Maronda concerning these matters. The Court will not assume that everything Gagat knows about the matters in dispute is privileged. To the extent privilege is an issue it is best handled by the making of appropriate objections at Gagat's deposition.

      One of the areas about which Progressive intends to question Gagat is the amount of fees and costs Maronda is seeking as damages for the defense of the accident case; the factual basis for each component of those damages; and who paid the fees and costs (Doc. 65, ¶¶ 30, 34). The Court accepts Maronda's representation that Progressive already knows this information (Doc. 68, ¶ 3). Maronda has produced a complete list of the Brady firm's hourly rates, time, charges, and costs for the motor vehicle accident case (Id.). These records show how much Brady's firm was paid, and that the payments were received from Maronda (Id., ¶¶ 3, 5). Although Progressive does not need to depose Gagat to learn this information, that is not reason enough to prohibit the taking of the deposition.

      Sellers testified that Maronda had a general liability policy but he did not know the name of the carrier (Doc. 66, Page 13, Lines 16-20). And, he was not certain if Maronda had a business owner's policy (Id., Lines 21-23). But, he said Gagat should be able to answer these questions (Doc. 66, Page 13, Line 24-Page 14, Line 1).

Whether there are any collateral sources to pay Maronda's damages is a matter Progressive is entitled to discover.

Progressive also seeks to depose Gagat concerning the allegedly inadequate defense it provided Maronda in the accident case[1] (Id., ¶¶ 30, 34).  "To satisfy its obligation to defend, an insurer must provide an adequate defense."  Allstate Ins. Co. v. Levesque, No. 8:08-cv-2253-T-33EAJ, 263 F.R.D. 663, 668 (M.D.Fla. 2010) (citing Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n., 483 S.2d 513, 516 (Fla. 3d DCA 1986)).  "Florida courts have not explicitly defined the parameters of what constitutes an 'adequate' defense."  Doe v. OneBeacon America Ins. Co., No. 1:11-cv-275-MP-GRJ, 2014 WL 5092258, at * 18 (N.D.Fla. Oct. 9, 2014).  However, the Florida Supreme Court has held that "[a]n insurer's duty to defend arises solely from the language of the insurance contract."  Carrousel, at *1.  "Where the insurer acts negligently in performing its duty to defend on behalf of the insured, its conduct constitutes a breach of contract."  Id.  "Such a breach can be determined objectively from the insurance contract itself without inquiry into whether the insurer acted in good faith or bad faith."  Id.  If the policy in this case is ambiguous then under Florida law it will be strictly construed against the drafter, and in a plurality opinion, three justices of the Florida Supreme Court said resort to extrinsic evidence to resolve ambiguities in insurance contracts is usually inappropriate.  Washington Nat'l Ins. Corp. v.

---

[1] According to its motion to compel, Progressive also wants to know about the "existence or non existence [sic] of communications that took place about the defense and claims for which Maronda Homes is now critical of Progressive." (Doc. 65, ¶ 34).  The Court will not speculate about what this is supposed to mean.

Ruderman, 117 So.3d 943, 945, 949-51 (Fla. 2013) (plurality opinion).[2]  Therefore, the Court does not know what Progressive hopes to accomplish by asking Gagat for his opinion of the adequacy of the defense it provided Maronda, but that is not a reason to preclude Progressive from taking the deposition.

For these reasons, Defendant's Motion to Compel Deposition of Witness Jeffrey Gagat on April 16, 2015 (Doc. 65) is **GRANTED**.  Progressive may depose Gagat.

**DONE and ORDERED** in Orlando, Florida, on April 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record

---

[2] Justice Lewis concurred in the result without authoring a separate opinion.