UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

   Plaintiff,

v.                                                     Case No:   6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

   Defendant.
_____

## ORDER

This is an action by Plaintiff Maronda Homes of Florida for a declaration that Defendant Progressive Express Insurance Company breached the terms of an insurance policy it issued to Maronda, and for damages consisting of attorney's fees and costs (Doc. 2).   During discovery, Maronda noticed the FED. R. CIV. P. 30(b)(6) deposition of Progressive's corporate representative "with the most knowledge of the facts pertinent to the claims and defenses in this litigation."   (Doc. 74-5).   Progressive produced Tammy L. Morgan to testify on its behalf (Doc. 74-4 at 6).   Almost immediately, Progressive's attorney made scope objections and the following exchange took place[1]:

> Ms. Worden:   If we could take a break for a minute.   I think that records custodians are about policies and procedures, not factual questions.
>
> Mr. Brady:   Well, we're here today about the corporate representative.
>
> Ms. Worden:   Correct, but not about factual issues related to - - the date Progressive told Maronda about the accident has nothing to do with Progressive's policies and procedures, specifically.

---

[1] Mr. Brady represented Maronda and Ms. Worden represented Progressive at the deposition.

>Mr. Brady:   Anything else?
>
>Ms. Worden:   No.   I – but I will lodge the same objection when we ask factual questions.

(Id., 10: 10-21).

Later, this exchange occurred:

>Ms. Worden:   She's not here to testify factually or give her opinion; she's here to talk about Progressive's policies and procedures.
>
>Mr. Brady:   I'm not aware of the deposition notice saying that.   Would you please hand me Exhibit 1.
>
>Ms. Worden:   She's here as the corporate representative.
>
>Mr. Brady:   All of these questions are covered under the areas of inquiry under Schedule "A" on Exhibit 1.
>
>Ms. Worden:   Yes, however Schedule "A" of Exhibit 1, as I have communicated with your office before, is outside the scope of a corporate representative.   She is here to testify about the -- Progressive's policies and procedures, not factually.
>
>Mr. Brady:   Anything else?
>
>Ms. Worden:   Un-uh.

(Id., 29: 8-19).

Progressive's attorney continued to object and at one point, suggested an agreement of counsel that she have a "running objection to fact-based questions being outside the scope of the deposition."   (Id., 59: 3-7).   Maronda's attorney rejected the idea in part "because I'm not aware that corporate representative depos are limited to things that don't include facts."   (Id., 59: 8-11).

Ms. Morgan was unable to answer many of the questions asked by Maronda's lawyer (Id. at 2-6; Doc. 84 at 2, 6).   Maronda argues that this was because Progressive

failed to adequately prepare her for the deposition (Doc. 74 at 6).   Twenty days after Ms. Morgan was deposed, Progressive informed Maronda that it would provide a second corporate representative to answer the questions Ms. Morgan had been unable to answer (Doc. 84 at 7-8).   It also suggested dates for the deposition (Id.).   When 22 days had passed and Maronda's lawyer had not responded, Progressive noticed the deposition of Todd Parnell as its corporate representative (Doc. 84 at 8; Doc. 74 at 6).   The deposition was scheduled for the same day Maronda was already planning to depose Mr. Parnell in his individual capacity (Doc. 84 at 8).   Before the deposition was taken, Maronda filed its Motion to Strike Defendant's Notice of Taking Deposition of Todd Parnell as Corporate Representative for Progressive and for Order Barring Progressive from Taking Positions that Contradict its Original Corporate Representative's Deposition Testimony (Doc. 74).

   The day before the second corporate representative deposition was set to occur, Progressive served an amended notice of deposition of Mr. Parnell as its corporate representative (Doc. 81 at 2).   According to Progressive, the amended notice provided "more specific information about the factual areas of inquiry related to Progressive's claims and defense in the case."   (Doc. 84 at 9).   Mr. Parnell appeared as planned and Maronda questioned him in his individual capacity and as a corporate representative of Progressive (Id.).   Now, Maronda alleges that Mr. Parnell's testimony is not entirely consistent with Ms. Morgan's (Doc. 81 at 4).   Progressive disputes this contention (Doc. 84 at 7, 16).

   After the deposition, Maronda filed its Supplement to Plaintiff's Motion to Strike Defendant's Notice of Taking Deposition of Todd Parnell as Corporate Representative for Progressive Express Insurance Company (Doc. 81).   Since the striking of the deposition notice is now moot, Maronda is asking the Court to award it attorney's fees and costs for

each instance during the first Rule 30(b)(6) deposition where Progressive objected that Ms. Morgan was not the correct person to answer a question (Doc. 81 at 5).  Maronda also argues that to the extent Progressive did not object on the ground that Ms. Morgan was not the correct person to provide testimony, Progressive should be bound by that testimony, and precluded from offering contradictory testimony from Mr. Parnell (Id.).

In its response, Progressive says Ms. Morgan's unpreparedness was a result of the fact that it interpreted the areas of inquiry in the deposition notice more narrowly than did Maronda (Doc. 84 at 6).  This explanation does not comport with what occurred at the first deposition.  Progressive's attorney may not have understood what it means to take a Rule 30(b)(6) deposition.  Or, she may have been confused (though it is hard to understand how) about what type of deposition she was attending.  But, the Court is not persuaded that her interpretation of the scope of the notice was the real problem.

It is impossible for a corporation to provide deposition testimony other than through people who speak on its behalf.  The procedure for the deposition of a corporation is set out in Rule 30(b)(6).  It is markedly different from the procedure for taking the deposition of an individual.  First, the party seeking to depose a corporation must specify with reasonable particularity the topics upon which inquiry will be made.  Id.  Then, the corporation must designate the person or persons who consent to testify on its behalf, and the matters about which they will testify.  Id.  The corporation has an implicit duty to prepare its designees so that they are able to "testify about information known or reasonably available to the organization."  Id.; see 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2103, pp. 455-57 (3d ed. 2010).  What the corporation's designees say at deposition is its testimony, and is binding upon the corporation.  Peeler v. KVH Indus., Inc., Case No. 8:12-cv-1584-T-33MAP, 2014 WL

117101, at *7 (M.D. Fla. Jan. 13, 2014); Craig Air Ctr., Inc. v. City of Jacksonville, Case No. 3:10-cv-48-J-31TEM, 2012 WL 3139547, at *7, n.22 (M.D. Fla. Aug. 1, 2012); QBE Ins. Corp. v. Jorda Enter., Inc., 277 F.R.D. 676, 690 (S.D. Fla. Jan. 30, 2012).

"If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (citing Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)). If a corporate representative physically appears at a deposition, but is completely unprepared to provide testimony on the noticed topics, courts have found a failure to appear under Rule 37(d)(1)(A)(i). Continental Cas. Co. v. First Financial Employee Leasing, Inc., No. 8:08-cv-2372-T-27GW, 716 F. Supp.2d 1176, 1193 (M.D.Fla. 2010).

Most federal courts hold that the appearance of an unprepared witness at a Rule 30(b)(6) deposition is sanctionable under Rule 37(d)(1). Id. However, at least one court has found that "[i]n order to impose sanctions [in this situation], the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." Zappia Middle East Const. Co., Ltd. v. Emirate of Abu Dhabi, No. 94 CIV-1942(DC), 1995 WL 686715, *8 (S.D.N.Y. Nov. 17, 1995).

Progressive did not adequately prepare Ms. Morgan for the original Rule 30(b)(6) deposition. But, despite her unpreparedness, her deposition was not so unproductive as to amount to a failure to appear under Rule 37(d)(1). Accordingly, Maronda cannot recover deposition-related attorney's fees under Rule 37(d)(2).

Once Progressive realized its error it offered Mr. Parnell as a second corporate representative who could answer Maronda's questions. But, it appears that Maronda preferred instead to attempt to take advantage of Progressive's mistake rather than

making a "good faith ... effort to obtain" testimony from a better-prepared corporate representative, as Rule 37(a)(1) requires.  See also FED. R. CIV. P. 37(a)(5)(A)(i) (a party moving to compel disclosure or discovery is not entitled to recover attorney's fees if it failed to make a good faith effort to obtain the disclosure or discovery without court action).  Therefore, Maronda's motion to strike and for sanctions is **DENIED**.

Because it may become an issue in the future, the Court finds that although Progressive is bound by Ms. Morgan's testimony, that does not preclude the introduction of Mr. Parnell's testimony as a corporate designee, even if his testimony conflicts with that of Ms. Morgan.  In R & B Appliance Parts, Inc. v. Amana Co., L.P., 258 F.3d 783, 786-87 (8th Cir. 2001), the Eighth Circuit explained:

> Although Amana is certainly bound by Mr. Schnack's testimony, it is no more bound than any witness is by his or her prior deposition testimony.  A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition.  R & B seems to think that Amana is estopped from denying the truth of Mr. Schnack's deposition testimony.  Even though we have not defined with precision when a party is estopped by a prior assertion advanced in litigation, we recognize that the purpose of such an estoppel is to protect "'the integrity of the judicial process,'" Hossaini v. Western Missouri Med. Ctr., 140 F.3d 1140, 1143 (8th Cir. 1998), *quoting* Total Petroleum, Inc. v. Davis, 822 F.2d 734, 737 n. 6 (8th Cir. 1987).  No threat to the integrity of the judicial process has been posed in this case, and Amana was thus free to assert at trial that the Distribution Agreement had not been terminated.

The Seventh Circuit reached the same conclusion in A.I. Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001).  Several district courts also agree. Continental Cas. Co. v. First Financial Employee Leasing, Inc., 716 F. SUpp. 2d 117, 1190-91 (M.D. Fla. 2010) ("Although preclusion may be imposed as a sanction, it does not follow automatically from the nature of Rule 30(b)(6) testimony."); Indus. Hard

Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) ("testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes"); United States v. Taylor, 166 F.R.D. 356, 362 n.6 (M.D.N.C. 1996) (testimony of Rule 30(b)(6) designee does not bind corporation in sense of judicial admission); State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 212 (E.D. Pa. 2008) ("the better rule is that 'the testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party.'") (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure, § 2103 (Supp. 2007)).

    **DONE** and **ORDERED** in Orlando, Florida on May 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record