UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

      Plaintiff,

v.                                    Case No:   6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

      Defendant.

_____

## ORDER

    This matter comes before the Court without oral argument on Plaintiff Maronda Homes, Inc. of Florida's Motion to Strike Errata Sheets of Tammy Morgan as Records Custodian and Corporate Representative for Progressive Express Insurance Company (Doc. 109).   Progressive has filed a response in opposition to the motion (Doc. 110). For the reasons that follow, the motion will be **GRANTED**.

    This is an action by Maronda for a declaration that Progressive breached the terms of an insurance policy it issued to Maronda, and for damages consisting of attorney's fees and costs (Doc. 2).   During discovery, Maronda noticed the FED. R. CIV. P. 30(b)(6) depositions of Progressive's records custodian and its corporate representative "with the most knowledge of the facts pertinent to the claims and defenses in this litigation." (Docs. 74-1, 74-3).   Progressive produced Tammy L. Morgan to testify on its behalf in both capacities (see Docs. 74-2, 74-4).   Unfortunately, Ms. Morgan proved woefully unprepared and was unable to answer many of the questions she was asked at the depositions (Doc. 97 at 2-3).

    Following Ms. Morgan's deposition as corporate representative, Progressive went

into damage-control mode.   It proposed and then noticed a second deposition of its corporate representative, this time naming Todd Parnell as its representative (Doc. 97 at 2).   Maronda moved to strike the notice, but the Court denied the motion, finding that the better solution to the problem presented by an unprepared Rule 30(b)(6) witness is to have the corporation produce a better prepared representative (Id. at 4-5).   After she received the transcripts from her two depositions, Ms. Morgan submitted lengthy errata sheets pursuant to Rule 30(e) making mostly substantive changes to her testimony (Doc. 109 at 15-29).   Maronda is moving the Court to strike the errata sheets, arguing that they are untimely and otherwise improper (Doc. 109).

Under Rule 30(e), on request of the deponent or a party before a deposition is completed, a deponent is allowed 30 days "after being notified by the [court reporter] that the transcript ... is available" to review the deposition transcript and submit changes and corrections.   If the deponent indicates any "changes in form or substance," the deponent must "sign a statement listing the changes and the reasons for making them."   FED. R. CIV. P. 30(e)(1)(B).

Maronda alleges that Ms. Morgan did not return the errata sheets in a timely fashion.   Specifically, it claims the transcripts from the records custodian and corporate representative depositions were provided to Progressive's lawyer on February 5 and February 24, respectively, and the errata sheets were returned to the court reporter on March 17 and March 30 (Doc. 109 at 3, 6).   Progressive disputes the dates Maronda says it received each transcript, but even under its own version of the facts, Progressive admits that the errata sheet for the records custodian deposition was untimely (Doc. 111 at 4, 7).   Progressive now asks the Court to find that its failure to timely return the errata

sheet for the records custodian deposition was the result of excusable neglect, and retroactively extend the deadline for serving the errata sheet.

The Court finds that the errata sheet for the records custodian deposition was untimely.   While it will not strike the errata sheet on this basis alone, as explained below, untimeliness is not the only problem with the errata sheet.   The Court gives Progressive the benefit of the doubt, and finds that the errata sheet for the corporate representative deposition was timely served.

Progressive failed to provide reasons for the changes made on the errata sheets, as required by Rule 30(e)(1)(B) (Doc. 109 at 12).   Progressive concedes that it has not complied with this requirement, but asks the Court to excuse its noncompliance because "the circumstance for [the] changes are readily apparent through the filings herein." (Doc. 111).   Rule 30(e)'s requirement that the deponent identify the reasons for any changes ensures that the opposing party can assess whether the alterations have a legitimate purpose.   Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224-25 (9th Cir. 2005), quoted favorably in EBC, Inc. v. Clark Building Systems, Inc., 618 F.3d 253, 266 (3d Cir. 2010).   Like the provisions of the discovery rules requiring parties to provide reasons for objections to discovery requests, see FED. R. CIV. P. 33(b)(4), 34(b)(2)(B), 36(a)(5), the aim of this requirement is to limit unnecessary motion practice by giving a party the opportunity to assess the merits of the other party's position.   Just as a court may disregard objections to discovery requests first advanced in a response to a motion to compel, see, e.g., Bailey v. City of Daytona Beach Shores, 286 F.R.D. 625, 627 (M.D. Fla. 2012); U.S. Fidelity & Guaranty Co. v Liberty Surplus Ins. Co., 630 F. Supp. 2d 1332, 1340 (M.D. Fla. 2007), a court may strike an errata sheet that

fails to state the reasons for each change, even if the party offers reasons for the changes in responding to the motion to strike, EBC, 618 F.3d at 266 (citing cases).

Even if the Court excused Ms. Morgan's failure to include the reasons for the changes she made on the errata sheets, it would still have to strike them because to this day, she has not provided her reasons.   In its response in opposition to Maronda's motion, Progressive generally asserts that the questions Ms. Morgan was asked were variously irrelevant, called for speculation about other people's perceptions, asked about matters outside of Ms. Morgan's personal knowledge, and were "confusing" "due to the use of compound questions and double negatives."   (Doc. 111 at 18).   But, Progressive does not identify which objections relate to which questions, or explain why these objections justify the changes made in the errata sheets.

Maronda argues that the errata sheets improperly seek to make substantive and material changes to Ms. Morgan's testimony as records custodian and corporate representative.   This argument relies chiefly on the Eleventh Circuit's decision in Norelus v. Denny's Inc., 628 F.3d 1270 (11th Cir. 2010).   In Norelus, a plaintiff in an employment discrimination case submitted a "63-page errata sheet containing 868 attempted changes" to the plaintiff's deposition testimony.   Id. at 1273.   A number of these changes "improved [the plaintiff's] case measurably by adding details that [she] had not provided when she was deposed."   Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1236 (11th Cir. 2006).   When the defendants brought the changes to the district court's attention, the court ordered the plaintiff's deposition re-opened.   Norelus, 628 F.3d at 1278.   The plaintiff's "erratic" and "inappropriate" behavior caused the re-opened deposition to be adjourned, and the court ordered the plaintiff and her attorneys to pay the fees incurred for the deposition.   Amlong, 500 F.3d at 1236.   When the plaintiff and

her lawyers refused to comply, the district court dismissed the case.   Id.   On the defendants' motion, the district court sanctioned the plaintiff's attorneys pursuant to 28 U.S.C. § 1927.   Id. at 1236-37.   On appeal, the Eleventh Circuit vacated the sanctions order and remanded to the district court for further proceedings.   Id. at 1251-52.   On remand, the district court reinstated the sanctions, and on a subsequent appeal, the Eleventh Circuit affirmed.   Norelus, 628 F.3d at 1302.

In upholding the sanctions award, the majority in Norelus said, without equivocation, that the attorneys' "submission of a novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper."   628 F.3d at 1281.   To support this finding, the court cited four cases holding that material and contradictory changes to deposition testimony are improper, while noting (with a "but see" signal) two cases supporting the contrary position and one case (with a "cf." signal) suggesting that district courts have discretion to permit or refuse material and contradictory changes depending on the circumstances.   Id.   In the next paragraph, the panel majority said "no one (with the possible exception of the dissenting judge on this panel) seriously contests" that "the improper submission of the massive errata document rendered the eight days spent on Norelus' deposition a waste of time and money."   Id. at 1982.

As a necessary part of the Eleventh Circuit's analysis in Norelus, the court's rejection of the use of a Rule 30(e) errata sheet to make material and contradictory changes to deposition testimony is part of the law of the circuit.   See United States v. Kaley, 579 F.3d 1246, 1253 n. 10 (11th Cir. 2009) ("[T]he holding of a case..., as the Supreme Court observed, compris[es] ... both the result of the case and 'those portions of the opinion necessary to that result....'" (quoting Seminole Tribe of Florida v. Florida, 517

U.S. 44, 66-67 (1996))).   Consequently, absent a good reason, such as a transcription error or sufficient showing of confusion, material and contradictory changes are not permissible in this circuit.

Norelus also casts doubt on the propriety of changes that either elaborate on or qualify an answer given at a deposition.   Norelus quotes Greenway v. International Paper Company, 144 F.R.D. 322, 325 (W.D. La. 1992), for the proposition that "[a] deposition is not a take home examination," and Thorn v. Sundstrand Aerospace Corp., 207 F.3d 383, 288-89 (7th Cir. 2000), for the proposition that "a change in substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in the transcript, such as dropping a 'not.'"

Progressive does not discuss Norelus in its response to the motion.   Instead, it lobs an accusation that Maronda "misrepresents the status of the Eleventh Circuit's view on" the use of errata sheets to effect material changes to deposition testimony (Doc. 111 at 12).   Progressive encourages the Court to look at Cultivos Yadran S.A. v. Rodriguez, 258 F.R.D. 530, 532 (S.D. Fla. 2009), for "[a] more thorough and accurate description of the state of the law in this Circuit."   The court in Cultivos Yadran observed that "the Eleventh Circuit has not directly addressed the issue of whether substantive changes can readily be made to deposition testimony or whether the deponent needs to show confusion about particular questions."   258 F.R.D. at 532.   While the Eleventh Circuit may not have addressed the issue in 2009, it made clear a year later in Norelus that material changes, especially when contradictory to the deponent's original testimony, are not permissible absent a good reason.[1]

_____

[1] The Court does not understand Progressive's failure to address Norelus, which is the first case cited in the relevant portion of the memorandum in support of Maronda's motion.   This sort of advocacy is unpersuasive and may lead to Rule 11 sanctions.   A party confronted with binding and pertinent authority

The reasons advanced by Progressive for the changes to Ms. Morgan's testimony are not sufficient.   The fact that an attorney asked a question that calls for speculation or an irrelevant response does not explain why an answer would need to be changed. Such changes should rarely be necessary, since a party can have the offending question and corresponding answer excluded from consideration at summary judgment or trial. See FED. R. CIV. P. 32(b) (a party may object at a hearing or trial "to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying"); FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

Progressive suggests that the changes are warranted because "Plaintiff's counsel [asked] intricate factual questions covering minutia contained with over 1200 pages of claim file materials," and as such "it is not unreasonable that Ms. Morgan would need to clarify and correct some of her answers upon seeing them in print."   (Doc. 111 at 14–15). This is not a fair characterization of the majority of the questions for which Ms. Morgan changed her answers.   It is not plausible to believe Ms. Morgan misunderstood so many questions, yet went ahead and answered them without asking for clarification.   It is also implausible that she would have to change so many answers in a contradictory fashion (e.g., changing "Yes" to "No," "No" to "Yes," or either "Yes" or "No" to "I don't know").   In short, Progressive's largely nonspecific complaints about Maronda's lawyer's questions do not warrant the sheer number of material changes Progressive seeks to make to Ms.

---

may attempt to distinguish it, construe it favorably, or argue that it should be overturned, but it may not ignore it.   See FED. R. CIV. P. 11(b)(2) (legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). "The 'ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.'"   Gonzalez-Servin v. Ford Motor Co., 662 F.3d 931, 934 (7th Cir. 2011) (quoting Hill v. Norfolk & Western Ry. Co., 814 F.2d 1192, 1198 (7th Cir. 1987)).

Morgan's deposition testimony.   Because they are both procedurally and substantively improper, the errata sheets to Ms. Morgan's depositions are **STRICKEN**.

     **DONE** and **ORDERED** in Orlando, Florida on July 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record