UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARONDA HOMES, INC. OF FLORIDA,

    Plaintiff,

v.                                        Case No:   6:14-cv-1287-Orl-31TBS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court without a hearing, on Plaintiff's Objections to Defendant's Bill of Costs (Doc 119) which the court construes as a motion to review bill of costs.  Defendant has filed a response in opposition (Doc. 127).  After due consideration, I respectfully recommend that the motion be **granted in part and denied in part**.

### Background

Plaintiff Maronda Homes, Inc., of Florida was a defendant in a lawsuit alleging property damage and personal injuries (Doc. 2, ¶¶ 6-7).  At the time, it was covered by a policy of insurance issued by Defendant Progressive Express Insurance Company (Id., ¶ 8).  Progressive undertook to defend Maronda but for reasons not relevant to the current dispute, Maronda chose to hire its own attorney to defend the case (Id., ¶¶ 13-14, 18), 29, 53-54).  Progressive settled the claims against Maronda within the limits of the policy (Doc. 42-1).  Maronda thereafter filed this lawsuit to compel Progressive to pay the fees charged by its privately retained attorney (Doc. 2).  On August 7, 2015, the Court denied Maronda's motion for summary judgment and granted Progressive's motion for summary

judgment (Doc. 115).    The Clerk entered judgment for Progressive which has submitted its Bill of Costs totaling $15,701.38 (Docs. 116-117).    Maronda objects to $3,807.07 of the costs sought by Progressive (Doc. 119).    This report and recommendations addresses the items in dispute.

## Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees–should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).   The Eleventh Circuit has said that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the losing party] must overcome."  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).    "To rebut this presumption, the losing party must demonstrate that 'there is some fault, misconduct, default, or action worthy of penalty on the party of the prevailing side.'"  Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F.Supp. 906, 910 (M.D. Fla. 1989) (quoting Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1242 (7th Cir. 1985)), *not followed on other grounds by* EEOC v. W & O, Inc., 213 F.3d 600 (11th Cir. 2000).    District courts may tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## Discussion

### A. Service Fees

Progressive seeks $70.00 for the service of deposition subpoenas on opposing counsel, Christine Wasula and Steven Brady (Doc. 117-2). Maronda objects because both attorneys agreed to appear without the necessity of a subpoena (Doc. 119 at 4). In March, counsel agreed that the depositions would occur on April 13, 2015 (Doc. 127-1). Counsel for Progressive issued deposition subpoenas on March 30, 2015 (Doc. 127 at 2). On April 3, 2015, Progressive was informed that the subpoenas were not required (Doc. 127 at 1). In this Circuit, fees for serving subpoenas are a recoverable cost under § 1920, at a rate not to exceed the statutory rate authorized in § 1921.[1] See W&O, Inc., 213 F.3d at 624. Because the subpoenas were issued before Maronda's counsel advised that they were not necessary, I find the $70.00 service fee is an appropriate, taxable cost under § 1920 and recommend that it be awarded to Progressive.

### B. Courier Charge

The Bill of Costs includes $27.17 to courier a subpoena from Florida to Pennsylvania for the deposition of Maronda employee Jeffrey Gagat (Doc. 117-3; Doc. 127 at 2). Gagat's deposition was the subject of a motion to compel (Doc. 71) and a motion for protective order (Doc. 75). Ultimately, the Court ordered the taking of the deposition after the discovery deadline (Doc. 77). Maronda cites Suarez v. Tremont Towing, Inc., 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008), for the proposition that

---

[1] As noted in § 1921(b), "the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921](a). Such fee shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). According to 28 C.F.R. § 0.114(a)(3) (2013), the United States Marshals Service is permitted to be compensated at the rate of sixty-five dollars ($65.00) per hour for each item served, plus travel costs and out-of-pocket expenses.

delivery charges are not taxable costs (Doc. 119 at 5).  Progressive argues that a subpoena was necessary because Maronda had not offered to produce Gagat for deposition absent a subpoena (Doc. 127 at 2).  While I find that service of a subpoena on this witness was appropriate, there is no showing of need or extraordinary circumstance justifying the federal express cost to send the subpoena to the process server.  See George v. Florida Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008) (citing Kerns v. Pro-Foam of South Alabama, 2007 WL 2710372, * 3 (S.D. Ala. Sept.13, 2007) (prevailing party may recover costs of expedited shipping only by a showing of need or extraordinary circumstance to justify that expense, and not solely for the convenience of counsel)).  Accordingly, I recommend this expense be disallowed.

### C. Condensed Transcripts and Delivery of Transcripts

Progressive originally sought $405.00 paid to court reporters for condensed deposition transcripts and the delivery of transcripts to counsel (Doc. 117-2 at 3-13, 15). Maronda objected that these services were for the convenience of counsel and therefore, are not taxable (Doc. 119 at 5).  After Maronda objected, Progressive withdrew its request for the condensed transcript charges (Doc. 127 at 5).  Based upon eleven depositions[2] for which condensed transcripts were provided at a cost of twenty dollars per deposition, $220.00 is appropriately deducted from Progressive's Bill of Costs.

This leaves $185.00 in court reporter delivery charges.  For necessary depositions, courts in this District have allowed such charges as part of the court reporter's fee.  See Ferguson v. Bombardier Servs. Corp., No. 8:03-CV-1380-T-30, 2007

---

[2] Defendant agreed to withdraw its request for $200 for the condensed transcripts. Condensed transcripts were actually charged for eleven depositions: Tammy Morgan (Vol. 1 and 2), Robert Sellers, Leslie Moore, Jeffrey Bigman, Louis Lively, Sr., Shari Statler, Linda Urichko, Steven Brady, David de Armes, and Chris Hill (Doc. 117-2 at 3-13, 15).

WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) ("Attendance fees of the court reporter or per diem, processing and handling, and delivery fees are part of the court reporter's fee and are taxable."). But, where there are other costs imbedded in the deposition transcript fees such as for converting videos to digital, expedited or condensed transcripts, and copies, such expenses are not reimbursable under § 1920. See id. Of the $185.00 court reporter delivery charges, two entries (Doc. 117-2 at 14, 15) include embedded costs for "archival" and "processing" above the $20.00 delivery fee charged for each of the other transcripts. I recommend disallowance of the embedded charges which total $45.00, leaving $140.00 in court reporter delivery fees properly taxed against Maronda.

### D.  ASCII Transcripts

Progressive received the depositions of Todd Parnell and Shari Statler in both paper and electronic form (Doc. 117-2 at 9-10). Maronda objects to the award of $525.50 for ASCII transcripts of the depositions (Doc. 119 at 2, 5-6). It argues that these charges are duplicative and for the convenience of counsel and Progressive has not provided an explanation for why the extra services were necessary to the case (Id. at 5-6). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W&O, Inc., 213 F.3d at 620 (citing Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir.1993). Progressive submits that the rough drafts of the depositions in ASCII format were necessary to adequately prepare its expert witness disclosures and response to Maronda's motion to strike Parnell's deposition (Id. at 5-6). Progressive noticed and took Parnell's deposition as its corporate representative with the most knowledge of the facts pertinent to Maronda's claims and its defenses (Doc. 74-5). Statler is also employed by Progressive and its

lawyer was present at her deposition (Doc. 85 at 2, 5).   Progressive (and its lawyer) should have known what its own witnesses would say at deposition.   This is particularly true for Parnell since Progressive designated him to testify on its behalf.   Consequently, I find that the purchase of the ASCII transcripts was a matter of convenience, rather than necessity, and recommend the Court sustain Plaintiff's objection to this $525.50 cost.

### E. Videotaped Depositions

Progressive seeks reimbursement for the videotaping and transcription of the depositions of Robert Sellers and Gagat.   Maronda objects to the $1,309.00 charge to videotape the depositions (Doc. 119 at 2-3, 5).   It cites Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C., 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009), in which the court held that where a party seeks reimbursement for two methods of recording a deposition, that party bears the burden of proving that both methods were necessary (Doc. 119 at 5).   Progressive argues that it was necessary to videotape the depositions because both witnesses were corporate representatives of Maronda who might not appear in person at the trial (Doc. 127 at 4-5).   "The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c)."   Ferguson v. Bombardier Servs. Corp., No. 8:03-CV-1380-T-30, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (citing Morrison v. Reichhold Chems. Inc., 97 F.3d 460, 464-65 (11th Cir.1996)).   But in such instance, the prevailing party must still explain why both the videotaped and transcribed deposition was necessary.   Ferguson, 2007 WL 601921, at *3.   Progressive has failed to provide an adequate justification for the necessity of both and therefore, I recommend disallowance

of this $1,309.00 expense.

### F. Witness Fee

Maronda objected and Progressive has conceded that its Bill of Costs should not include a $42.30 witness fee for Christine Wasula (Doc. 119 at 6; Doc. 127 at 7).

### G. Photocopy Costs

"To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000) (citing EEOC v. W & O, Inc., 213 F.3d at 623). Progressive seeks reimbursement of $184.95 for copies obtained from the Clerk of Court and $646.50 for photo copies made in-house (Doc. 117-3 at 2). Progressive has submitted the unsworn statement of its counsel declaring that the in-house copies were necessarily and reasonably obtained for use in the case (Doc. 117-1).[3] A law firm's overhead billed monthly for expenses such as postage, photocopy charges, express mail, long distance telephone charges, and facsimile charges are generally not recoverable. See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1303-04 (M.D. Fla. 2005). Progressive's attorney is unable to itemize the documents copied but, based upon her review of monthly copy logs and attorney time records, she identifies the following categories of documents that would have been copied for use in this case during the months in which copies were billed: printing and scanning documents for removal of the case, preparation of documents necessary for the case management conference, preparation of documents for production with Progressive's Rule 26 initial disclosures,

---

[3] The document filed is entitled an Affidavit but does not contain a notary's signature or seal. See (Doc. 117-1).

preparation of depositions and file materials for review by expert witness, and initial preparation of an exhibit notebook for trial in compliance with a Court order (Doc. 127 at 10).  "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."  Ferguson, 2007 WL 601921, at *6 (quoting Helms v. Wal-mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd* 998 F.2d 1023 (11th Cir. 1993)).   While Progressive generally identifies the categories of documents that were likely copied there is no evidence of how many of those copies were actually for the categories identified as opposed to just being copied for the convenience of counsel or some other noncompensable use.   There is also inadequate explanation of how the copies were necessary and used in the case.   For these reasons, I find Defendant's conclusory statements that the 6,465 in-house copies were reasonably obtained for use in the case insufficient to support the requested expense of $646.50.   Because there is no invoice, detail, or explanation to support the reasonable and necessary use of the copies from the Clerk of Court for $184.95, I also recommend that this expense be denied.

### E.  Travel Costs

Progressive is requesting $127.43 for mileage and parking costs paid to its attorney (Docs. 117 at 1, 117-3 at 2).   Counsel states that the travel costs were incurred because Maronda's attorney chose the location for the case management conference which was not central to either party, and required Progressive's attorney to travel and pay parking.  Progressive cites Cullens v. Georgia Department of Transportation, 29 F. 3d 1489 (11th Cir. 1994), for the proposition that attorney travel expenses can be

awarded.[4]  Maronda objects, arguing that travel costs are not recoverable under 28 U.S.C. § 1920.  Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp.2d 1328, 1339 (M.D. Fla. 2002).  In this case, I agree with Maronda.  Attorney travel expenses are generally not recoverable under § 1920 absent extraordinary and compelling circumstances.  Ferguson v. Bombardier Services Corp., 2007 WL 601921, at *7 (M.D. Fla. 2007).  I do not find any extraordinary or compelling circumstances and therefore, recommend the Court deny Progressive's request for $127.43 in travel expenses.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that: Plaintiff's Objection to Bill of Costs (Doc. 119) which the Court construes as a Motion to Review Bill of Costs be **granted in part and denied in part** such that $3,127.85[5] of the requested costs be disallowed and that Progressive be awarded taxable costs in the amount of $12,573.53.[6]  It is further recommended that the Clerk be directed to enter a cost judgment in favor of Progressive and against Maronda Homes in the amount of $12,573.53.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report

---

[4] The Cullen court relied on Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir.1983), which concerned whether such expenses were properly chargeable under 42 U.S.C. § 1988.

[5] Costs disallowed comprise: 27.17 (courier fee) + 220 (condensed transcripts) + 45 (court reporter archival fee) + 525.50 (ASCII disks) + 1309 (videotaped depositions) + 42.30 (witness fee) + 646.50 (in-house copies) + 184.95 (copies) + 127.43 (travel expenses) = $3,127.85

[6] 15,701.38 - 3127.85 = $12,573.53.

and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record